UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IBCEN WITTY                                    CIVIL ACTION

VERSUS                                         NO. 15-114

SEA SUPPORT SERVICES, LLC,                     SECTION "B"(4)
AND SEA SUPPORT VENTURES, LLC

ORDER AND REASONS

I.   NATURE OF THE MOTION AND RELIEF SOUGHT

Before the Court is Defendants', Sea Support Services, LLC and Sea Support Ventures, LLC, Motion for Partial Summary Judgment.[1] Plaintiff has filed an opposition.[2] Defendants have filed a reply.[3] The motion, set for submission on March 11, 2015, is before the Court without oral argument. Accordingly, and for the reasons enumerated below,

**IT IS ORDERED** that the Motion for Partial Summary Judgment (Rec. Doc. No. 8) is **GRANTED** and that Plaintiff's claim for punitive damages and attorney's fees associated with an alleged failure to pay maintenance and cure is **DISMISSED**.

II.  FACTS AND PROCEDURAL HISTORY

This action arises under 46 U.S.C. § 688, the Jones Act, and the General Maritime Laws.[4] On or about June 27, 2014,

---

[1] Rec. Doc. No. 8.
[2] Rec. Doc. No. 9.
[3] Rec. Doc. No. 12.
[4] Rec. Doc. No. 1 at 1.

Plaintiff Ibcen Witty ("Witty") was employed as an Ordinary Seaman by Defendant Sea Support Services and/or Sea Support Ventures ("Sea Support") and was assigned to the M/V MISS GINGER ("vessel").[5]

On or about June 27, 2014, as Witty was attempting to descend a set of stairs aboard the vessel, as the vessel was underway in the Gulf of Mexico off the Coast of Louisiana, he slipped and fell falling down the length of the stairway.[6] As a result, Witty sustained injury to his body, including but not limited to, his left shoulder and low back.[7]

Witty contends the incident and resulting injuries were caused by the negligence of Sea Support, in failing to provide a safe place to work.[8] In addition to bringing a claim for negligence, Witty claims unseaworthiness and maintenance and cure, as well as a claim for attorneys' fees and punitive damages associated with the alleged failure to provide maintenance and cure.[9]

Sea Support moves the Court for partial summary judgment on the claim for attorneys' fees and punitive damages, contending that Defendants or their representatives have paid all medical

---

[5] Rec. Doc. No. 1 at 1.
[6] Rec. Doc. No. 1 at 2.
[7] Rec. Doc. No. 1 at 2.
[8] Rec. Doc. No. 1 at 2.
[9] Rec. Doc. No. 1 at 2.

expenses submitted to them, and have paid Witty either full wages or maintenance since the date of the alleged injury.[10]

III.   **LAW AND ANALYSIS**

    A. *Summary Judgment Standard of Review*

    Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 749 (5th Cir. 2002). The proponent of the motion bears the burden of showing a lack of evidence to support his opponent's case. Fed. R. Civ. P. 56(c); *Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014).

    A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R. Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). A party cannot "defeat summary judgment with conclusory allegations, unsubstantial assertions, or 'only a scintilla of evidence.'"

---

[10] Rec. Doc. No. 8-1 at 1.

*Celtic Marine Corp. v. James C. Justice Companies, Inc.*, 760 F.3d 477, 481 (5th Cir. 2014); *TIG Ins. Co.*, 276 F.3d at 759.

   B. *The Court's Analysis*

   Maintenance is a duty imposed upon a shipowner to provide for a seaman who becomes injured during his service to the ship. *Silmon v. Can Do. II, Inc.*, 89 F.3d 240, 242 (5th Cir. 1996). Maintenance is a subsidence allowance intended to cover the reasonable costs a seaman incurs for his food and lodging during the period of his injury. *See Guevara v. Mar. Overseas Corp.,* 59 F.3d 1496, 1499 (5th Cir. 1995), *abrogated on other grounds, Atl. Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561 (2009). Cure is an employer's obligation to pay for the medical care of the sick or injured seaman. *Id.* at 1499; Thomas J. Schoenbaum, Admiralty and Maritime Law, § 6-32, at 361 (2d ed. 1994).

   "The right terminates only when maximum cure has been obtained." *Bertram v. Freeport McMoran*, Inc., 35 F.3d 1008, 1012 (5th Cir. 1985). If the employer has shown callousness and indifference to, or willful and wanton disregard for, the seaman's injuries, it is liable for punitive damages and attorney's fees. *Id.; see also Atl. Sounding*, 129 S.Ct. at 2575. In order to support an award of punitive damages under general maritime law, "mere inadvertence or even gross negligence will not suffice to support an award of punitive damages. The tort

must be aggravated by evil motive, actual malice, deliberate violence or oppression." *Smith v. Piedmont Aviation, Inc.*, 568 F.2d 290, 292 (5th Cir. 1978).

As Witty will have the burden of proof regarding his entitlement to maintenance and cure at the trial of this matter, he also bears the burden of proof at the summary judgment stage of these proceedings. *Joubert v. C&C Technologies, Inc.*, Civ. Action No. 6:04CV0723, 2005 WL 1830996, at *2 (W.D. La. 2005); *Freeman v. Thunder Bay Transp. Co., Inc.*, 735 F.Supp. 680, 681 (M.D. La. 1990).

To recover maintenance and cure at the summary judgment stage of proceedings, Witty must show that no genuine issue of material fact exists with respect to the following factors: (a) his engagement as a seaman; (b) his illness or injury that occurred while in the ship's service; (c) the wages to which he may be entitled; and (d) the expenditures or liability incurred for medicines, nursing care, board and lodging. *Joubert*, 2005 WL 1830996, at *2; *see* M. Norris, The Law of Seaman § 26.21 (4th ed. 1985).

Defendants contend as follows: first, Witty was paid full wages for the period June 27, 2014 (the date of the injury) to

July 2, 2014;[11] second, Witty was paid maintenance from July 3, 2014, at a rate of $35.00 per day;[12] third, all medical bills submitted by a provider or by Witty for medical expenses have been paid.[13] Further, shortly after the incident was reported, Sea Support and its insurers deposited funds in the escrow account of independent adjuster, E.J. Halverson & Associates,[14] as evidenced by a ledger of disbursements from the escrow account, which shows the payments made to or on behalf of Witty for maintenance and cure expenses since July 3, 2014.[15]

Plaintiff implicitly acknowledges the forgoing; however, opposes the motion on the basis that the claim (as stated in the complaint) has been averred "in the event that defendants...are found to have unreasonably, arbitrarily, willfully and wantonly refused to pay or discontinued maintenance and cure benefits."[16]

The Court concludes that Defendants have established that no genuine issues of fact exist relative to whether Defendants have failed to pay maintenance and cure. At the summary judgment stage, Witty can neither establish any wages to which he may be entitled, nor can he establish any unpaid medical expenditures

---

[11] Rec. Doc. No. 8-2, Exhibit 3, evidencing payments totaling $3400 for the period of June 16, 2014 – July 2, 2014, at Witty's daily rate of $200 per day.

[12] Rec. Doc. No. 8-1 at 3; Affidavit of Thomas J. Halverson, Exhibit 2.

[13] Rec. Doc. No. 8-1 at 3; Affidavit of Thomas J. Halverson, Exhibit 2.

[14] Rec. Doc. No. 8-1 at 2.

[15] Rec. Doc. No. 8-1 at 3; Exhibit 1. There appears to be a typo in the motion; the Court reads the date of initial payment as July 3, 2014, which is the date consistently referred to throughout the motion.

[16] Rec. Doc. No. 9 at 1-2.

or liabilities incurred for medical care. It follows that Witty cannot establish that Sea Support has callously or willfully disregarded the alleged injuries, as required to recover punitive damages and attorney's fees. Thus, partial summary judgment in favor of Defendants is appropriate, and Plaintiff's claim for punitive damages and attorney's fees associated with the alleged arbitrary and capricious failure to provide maintenance and cure is **DISMISSED**.

To the extent Plaintiff opposes the dismissal on the basis that maintenance and cure may be discontinued at some point in the future, the Fifth Circuit Court of Appeals has explained that, pursuant to the "cases and controversies" limit set forth in Article III of the United States Constitution, "[a] controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989)(*quoting Brown v. Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)). Plaintiff presents no facts or arguments that would otherwise convince the Court that discontinuation is imminent, such that Plaintiff has standing to bring a claim ripe for litigation.

Should the facts and circumstances change, Plaintiff should properly move to amend pursuant to Fed. R. Civ. P. 15.

**IV.**    <u>**CONCLUSION**</u>

Accordingly, and for the reasons enumerated above,

**IT IS ORDERED** that the Motion for Partial Summary Judgment (Rec. Doc. No. 8) is **GRANTED** and that Plaintiff's claim for punitive damages and attorney's fees associated with an alleged failure to pay maintenance and cure is **DISMISSED**.


New Orleans, Louisiana, this 6th day of March, 2015.


UNITED STATES DISTRICT JUDGE